UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKOBI SCHUSTER,

                              Plaintiff,

        -v-

CHARTER COMMUNICATIONS, INC.

                              Defendant.

No. 18-cv-1826 (RJS)
MEMORANDUM & ORDER

RICHARD J. SULLIVAN, Circuit Judge:

In April 2021, the Court dismissed with prejudice Plaintiff Akobi Schuster's complaint against Defendant Charter Communications, Inc. ("Charter") and imposed a filing injunction. (Doc. No. 50.)  Under the filing injunction, "Schuster is barred from filing in any tribunal any action, motion, petition, complaint, or request for relief that relates to or arises from (i) the cable box incident alleged in Schuster's complaint, as well as Charter's alleged response to that incident or Schuster's OSHA claims; or (ii) any of Charter's conduct in defending against his previous actions – against any person or entity that encountered Schuster throughout this federal litigation – without first obtaining leave from this Court."  (*Id.* at 24.)[1]

Now before the Court are Schuster's May 3, May 4, May 9, and June 23, 2022 requests for permission under the filing injunction to file, in various tribunals, various complaints, grievances, and petitions relating to this underlying litigation (Doc. Nos. 56, 57, 58, 65); Schuster's subsequent letters in support of (or purporting to "clarify") his first three such requests (Doc. Nos. 59, 61, 63);

---

[1] Because the terms of the filing injunction are clear on their face, the Court declines to engage with Schuster's request for "further explanation" of the filing injunction (Doc. No. 56 at 3 ¶¶ 8–9) or his invitations to provide advisory opinions on matters that are plainly outside the scope of the filing injunction (*see id.* at 15 ¶¶ 64–65; Doc. No. 61 at 5–6).

and Charter's submissions in opposition to Schuster's May 2022 requests (Doc Nos. 60, 64).  Also before the Court is Charter's request – based its allegations that Schuster "recent[ly] violat[ed]" the filing injunction by "fil[ing] a [civil] complaint against Charter . . . in the Supreme Court of New York . . . without first obtaining leave from this Court" – that the Court "impose further, more severe sanctions to bring to an end Mr. Schuster's ongoing and unconscionable waste of the resources of Charter, its counsel, and the Court."  (Doc. No. 64 at 4); *see* Notice of Removal and Complaint, *Schuster v. Charter Commc'ns, Inc.* (*Schuster II*), No. 22-cv-02778 (JPO) (S.D.N.Y. Apr. 4, 2022), ECF Nos. 1, 1-1.

For the reasons stated below, Schuster's requests for permission under the filing injunction are DENIED, and Schuster is ORDERED TO SHOW CAUSE, in writing, why his filing of the *Schuster II* complaint without leave of this Court should not be considered a violation of the filing injunction, warranting summary denial of all and any future requests under such filing injunction.

## I.      Relevant Background

"For the avoidance of doubt, the Court did not dismiss Schuster's complaint or impose the filing injunction against him because [he] failed to raise any plausible allegations against [Charter]. Rather, . . . dismissal was a sanction imposed under Rule 37 of the Federal Rules of Civil Procedure in light of 'the willfulness of Schuster's behavior" in refusing to comply with his discovery obligations and the Court's orders, 'the persistence of his noncompliance,' and 'the repeated warnings he received from the Court.'"  (Doc. No. 54 at 2–3 (quoting Doc. No. 50 at 17).) Likewise, "the Court [has] concluded that Schuster's history of vexatious litigation against Charter[;] [his] persistent discovery noncompliance[;] the needless burden that [he] imposed upon his own (former) counsel, opposing counsel, and the Court[;] and the inadequacy of lesser sanctions all warranted the imposition of a filing injunction."  (*Id.* at 3 (citing Doc. No. 50 at 20–

22).)  In sum, the Court found that "the only reasonable inference to be drawn from Schuster's conduct [was] that his motive [was] not to assert legitimate, good faith claims but merely to burden and harass Charter, perhaps with the aim of exacting an unwarranted monetary settlement."  (Doc. No. 50 at 20 (citation omitted).)  For that reason, the Court has explained that while "Schuster . . . may obtain leave of this Court" to "raise any *new or meritorious* claims against Charter or its counsel in the future" (*id.* at 23 (emphasis added)), it is "wholly warranted" that the filing injunction should bar him from reasserting claims he "had ample opportunity to present" – or "indeed . . . did raise" – "in [the] complaint" that the Court dismissed as a sanction of his bad-faith conduct (Doc. No. 54 at 3).

The Court has also given clear notice of that "[i]f Schuster violates th[e] [filing injunction] and files any materials without first obtaining leave to file, any request will be denied for failure to comply with [the Court's April 8, 2021] Opinion and Order, and Schuster may be subject to sanctions, including monetary penalties or contempt."  (Doc. No. 50 at 24.)

## II.    Discussion

### A.    Schuster's Requests for Permission Under the Filing Injunction

Schuster requests permission to file administrative complaints, grievances, and/or petitions:  (1) against Charter, with the U.S. Department of Labor ("DoL") Wages and Hours Division, for allegedly "illegally generating a[n] [unpaid leave] claim on his behalf" (Doc. No. 56 at 15 ¶ 66); (2) against "Sedgewick" (the company that handles Charter's leave requests), with an unspecified tribunal, for allegedly commencing a claim without his consent (*id.* at 15 ¶ 67); (3) with the U.S. Occupational Safety and Health Administration ("OSHA") requesting "modification" of its February 27, 2018 decision dismissing his retaliation claim against Charter (*id.* at 15 ¶ 68; *see id.* at 13 ¶ 57); (4) against Kenneth Margolis and Erica Frank (Charter's counsel

in the underlying suit), with an unspecified "Attorney Grievance Committee," for allegedly telling "egregious lies concerning Mr. Schuster" (Doc. No. 57 at 16–17 ¶ 73; Doc. No. 58 at 8–9 ¶ 36); (5) against DoL Wages and Hours Investigator Jose Delarosa, with the "Solicitor General of the [DoL] and Secretary of Labor," for preparing an allegedly "false and defamatory" report on Schuster's underlying OSHA complaint (Doc. No. 57 at 1; 17 ¶ 74; *see* Doc. No. 58 at 16 ¶¶ 66–71); (6) against unspecified "OSHA officials," with the "Secretary of Labor and Solicitor General," for dismissing an amended OSHA complaint that Schuster now claims he "never filed" or "never amended" (Doc. No. 58 at 7–8 ¶¶ 30–31, 35); and (7) against "*all* the participating attorneys of Kauf [sic] McGuire & Margolis," with an unspecified "attorney disciplinary" body, for allegedly "misrepresent[ing]" the nature of a 2017 New York Supreme Court decision "to this [C]ourt" in their earlier briefing in this action (Doc. No. 65 at 3–4 (emphasis added)).  Based on the same alleged misrepresentation, Schuster also requests leave (8) "to file a defamation suit," in an unspecified state or federal court, "against those [same] attorneys and Charter Communications as well."  (*Id.* at 4.)

By their very terms, these proposed complaints, grievances, petitions, and lawsuits, all plainly "relat[e] to or aris[e] from" either "the cable box incident alleged in Schuster's [underlying] complaint [in this case]," "Charter's alleged response to that incident," "Charter's alleged response to . . . Schuster's OSHA claims" based on that incident, "Charter's conduct in defending against Schuster's previous actions," or some combination of the above.  (Doc. No. 50 at 24.)  It is equally plain that each of Schuster's proposed "filings include[s] allegations against [a] person or entity that encountered Schuster in [some] capacity throughout this federal litigation."  (*Id.*)  Accordingly, they fall squarely within "the scope of Schuster's filing injunction."  (*Id.*)  Moreover, the Court agrees with Charter that all of Schuster's proposed filings "merely . . . rehash"

Charter "urge[s] the Court to impose further, more severe sanctions to bring to an end Mr. Schuster's ongoing and unconscionable waste of the resources of Charter, its counsel, and the Court." (*Id.*)  This is a serious allegation.  While Charter does not specify the exact nature of the "further, more severe sanctions" it would have the Court impose (*id.*), the Court has stated clearly in its previous orders that "[i]f Schuster violates th[e] [filing injunction] and files any materials without first obtaining leave to file, any request will be denied for failure to comply with [the Court's April 8, 2021] Opinion and Order, and Schuster may be subject to sanctions, including monetary penalties or contempt" (Doc. No. 50 at 24 (citing *Ranasinghe v. Kennell*, No. 16-cv-2170 (JMF), 2017 WL 384357, at *5 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018)).)

The Court is disinclined to consider civil contempt or monetary penalties unless and until Charter specifically requests such sanctions (and Schuster is given an opportunity to be heard in response).  *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) ("[C]ivil contempt sanctions . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."); *Doral Produce Corp. v. Paul Steinberg Assoc., Inc.*, 347 F.3d 36, 44 (2d Cir. 2003) (collecting Second Circuit cases holding that, prior to the "imposition of monetary sanctions," a district court "is ordinarily obligated to give the person being sanctioned an opportunity to be heard in defense").

On the other hand, the Court has already warned – unequivocally – that "[i]f Schuster violates [the Court's April 8, 2021] Opinion and Order" by "fil[ing] any materials without first obtaining leave to file," then "any" subsequent request under the filing injunction "*will* be denied for failure to comply with [such] Opinion and Order."  (Doc. No. 50 at 24 (emphasis added).) Schuster has already been afforded the required "opportunity to heard" in opposition to Charter's

initial request for the imposition of the filing injunction, *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998), several times over (Doc. Nos. 38, 42, 44, 46, 47, 53). Accordingly, the Court is prepared to follow through on its warning unless Schuster can show cause why his filing of the complaint in *Schuster II* does not constitute a violation of the filing injunction, warranting the summary denial of all and any future requests for permission under such filing injunction.

### III.    Conclusion

For the reasons stated above, Schuster's requests for permission under the filing injunction (Doc. Nos. 56, 57, 58, 65) are DENIED, and Schuster is ORDERED TO SHOW CAUSE, in a single letter of no more than five typed pages, why his filing of the complaint in *Schuster II* does not constitute a violation of the filing injunction imposed by the Court on April 8, 2021 (Doc. No. 50), warranting the Court's summary denial of all and any future requests he might make for permission under such filing injunction. Schuster shall submit his letter to the Court no later than Friday, July 15, 2022 at 5:00 p.m. If it so wishes, Charter shall submit to the Court a reply to Schuster's letter no later than Friday, July 29, 2022 at 5:00 p.m.

In imposing this show-cause order, the Court is cognizant of Schuster's track record of "t[a]k[ing] advantage of the Court's [prior] order[s] . . . to show cause" by using his responses to such orders to "bring[] . . . host[s] of baseless accusations against" various individuals and entities he has encountered in the course of the underlying litigation here. (Doc. No. 50 at 20.) The Court has previously stated its view that such conduct is "vexatious," "harassing," and an abuse of the Court's resources and the resources of the various entities that may feel compelled to respond to Schuster's accusations made in the inappropriate vehicle of his responses to the Court's show-cause orders. (*Id.*; *see also id.* at 22.) The Court will now explicitly warn Schuster not to persist with such conduct. Specifically, in his letter responding to this Memorandum and Order, Schuster

shall address *only* the question of whether or not he violated the filing injunction by filing the *Schuster II* complaint in New York state court without first obtaining leave from this Court.

Accordingly, IT IS FURTHER ORDERED THAT Schuster shall *not* – in any fashion – use his letter responding to today's show-cause order (or any other submission he might make until the Court has ruled on the parties' responses to today's show-cause order)[2] to raise any new allegations against any individual or entity he has encountered at any point in this litigation; to renew, reiterate, or "clarify" any such allegations that he has made in previous filings; to make, renew, or "clarify" any new or previous request to file a complaint, petition, grievance, or other form of action on the basis of any such allegations in this Court or any other tribunal; or to otherwise make or discuss any other argument not *directly* pertaining to the question of whether he violated the Court's April 8, 2021 filing injunction by filing the *Schuster II* complaint on March 10, 2022.  If Schuster includes any such allegations, requests, or arguments in any submission made to the Court prior to the Court's ruling on the parties' responses to today's show-cause order, he will be subject to additional sanctions, including monetary penalties or being held in contempt. *See, e.g.*, *Ranasinghe v. Kennell*, No. 16-cv-2170 (JMF), 2017 WL 384357, at *5 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018).  In the event that Schuster were to violate this directive in any submission following this Memorandum and Order, the Court would urge Charter to brief, in its reply letter, the issue of what *specific* sanctions would thus be warranted.

Finally, the Court clarifies that the filing injunction imposed on April 8, 2021 (Doc. No. 50) does not prevent Schuster from appealing from this Memorandum and Order, but the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith,

---

[2] The Court advises that a single, short letter should provide Schuster with adequate space to respond to Charter's allegation that he has already violated the filing injunction.  In turn, the Court would *strongly* caution him to think carefully before making any further filings, beyond a single such letter, between today's date and the date on which the Court issues its final ruling on the parties' responses to today's show-cause order.

*see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to send a copy of this Memorandum and Order to Schuster via email at the updated email address listed on the electronic case docket and via mail at the return address listed on his most recent pro se letters (30 W. 141st St., #16S, New York, NY 10037).  (*See* Doc. Nos. 61, 63, 65.)

SO ORDERED.

Dated:     June 26, 2022
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation