UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
AKOBI SCHUSTER,

                                Plaintiff,

-against-
                                Index No.
                                18 CIVIL 1826 (RJS)

CHARTER COMMUNICATIONS, INC. AND
SPECTRUM MANAGEMENT HOLDING
COMPANY, LLC
(f/k/a TIME WARNER CABLE, INC.),

                                Defendant.
-------------------------------------------------------------------------------x

## PRO SE MOTION TO CLARIFY PRIOR COURT ORDER

## HISTORY OF MOTION TO REQUEST SUPPORTIVE DOCUMENTS

## FROM OSHA FOR WHY THE CABLE BOX MALFUNCIOTNED ON

## DECEMBER 6, 2016

As the court knows, I am a f[ormer employee of Charter] Communications.

> The Court's prior order (Doc. No. 81) was stated clearly. No further clarification is necessary, and the Court will not offer advisory opinions on the questions posed in Plaintiff's "Motion to Clarify Prior Court Order." Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion is DENIED.
>
> Dated: February 2, 2023
> New York, New York
>
>                                 *[signature]*
>                                 Hon. Richard J. Sullivan
>                                 United States Circuit Judge
>                                 Sitting by Designation

RECEIVED
SDNY PRO SE OFFICE
2023 FEB -1  PM 2:08

1. On **December 6, 2016** I suffered an injury as a result of a cable box malfunctioning in my face and emitting a liquid that entered my right eye. Over a period of 13 days, I asked Charter Communications supervisors, foreman, managers, human resources department and safety manager for the reason the cable box malfunctioned. It was repeated to me that they did not know why the cable box malfunctioned.

2. On **December 13, 2016**, I found out in a safety meeting, facilitated by Alexandria Dresser that the cable box was in route to a northern New York state location to undergo diagnostics.

3. On **December 19, 2016** I filed a safety complaint with OSHA as it appeared to me that Charter Communications did not take the cable box malfunctioning seriously, how it might affect my health or customer safety.

4. On **December 20, 2016** Kay Gee, OSHA Area Director informed Charter Communications safety manager Alexandria Dresser of my filed complaint and requested in writing that Charter Communications provide the reason for why the cable box malfunctioned, no later than December 28, 2016 (**Exhibit A**).

5. Kay Gee, OSHA Area Director stated in her letter to Alexandria Dresser "You must provide supporting documentation of your findings. This includes any applicable measurements or monitoring results; photographs/ video…"

6. In a letter dated January 9, 2017 Alexandria Dresser stated to Kay Gee "The cable box in question was sent to the manufacturer to determine what went wrong. The cause of the failure was determined that the circuit board shorted out and blew the fuse…" (**Exhibit B**)

7. In a letter dated March 17, 2017 from Kay Gee to myself she stated "The employer states that the cable box involved in the incident was sent to the manufacturer to determine what went wrong. The cause of the failure was determined that the circuit board shorted out and blew the fuse…" (**Exhibit C**). Kay Gee simply restated, to me, Alexandria Dressers update in her January 9, 2017 letter to OSHA.

8. In an email communication between a manufacturer (Technicolor) employee and Alexandria Dresser dated December 30, 2016 Larry Gonzalez stated to Alexandria Dresser "The lab we contracted for the material analysis identified the substance in the unit as paraffin wax. The likely source was a candle placed on top of the unit that melted and flowed/ spilled into the interior of the unit (mainboard) via the top

ventilation slots. A likely scenario is the wax on the mainboard heated such that is produced visible smoke/ vapors." (**Exhibit D**)

9. Review of the email communication from Larry Gonzalez, makes no mention of what Alexandria Dresser alleged the manufacturer stated was the reason for the cable box malfunction in her January 9, 2017 letter to OSHA. Therefore, she lied to OSHA. She also made no mention of the candle wax allegedly found on the circuit board in her January 9, 2017 letter to OSHA.

10. Larry Gonzalez, in his assessment, claimed a substance that appeared to had been viscous was found on the cable box circuit board. Larry Gonzalez claimed that Technicolor sent the substance to a lab. According to Larry Gonzalez the substance was determined to be candle wax and that the "likely scenario" is that a candle was placed on top of the cable box, melting and entering the cable box through the vents.

11. On December 6, 2016 I performed a new install in the customers bedroom, not a trouble call. This means I brought the cable box to the customer's home. I unpackaged the cable box myself in the customer's home. As it is not part of the customary install procedure, I did not place a candle on top of the set-top box.

12.     I have submitted a picture of the cable box from the day it malfunctioned. In view is a picture of the cable box as the smoke depleted toward no longer smoking (**Exhibit E**). You will find no candle imprint on top of the cable box. Considering Larry Gonzalez "likely scenario" was should be on the top of the cable box. You will find no wax surrounding the cable box as Larry Gonzalez claims that Technicolor determined the substance to be, at some point, viscous.

13.     Larry Gonzalez reasoning that the smoke was melted wax is questionable as well as his "likely scenario" that wax was on the circuit board at the time of the attempted install. This brings into question how wax was found on the circuit board after I returned it to Charter Communications when none was present at the time of the install.

**THE UNDERSIGNED party moves the Court for an order CLARIFYING a prior order of the Court.**

14.     In your response to my request to retain supporting documents from OSHA you, Judge Richard J. Sullivan stated that the matter was dismissed as moot and stated you would not intervene if Charter

Communications, Inc. or OSHA chose not to provide me the documents.

15. I have the following questions regarding your Order:

Are you stating that my request as it relates to my health and public safety is pointless?

Are you stating that you will not reinforce the law for OSHA to provide the lab results or any required supporting documents as requested of Charter Communications as it relates to my health and public safety?

Are you stating that my request is pointless considering you have evidence Alexandria Dresser lied to OSHA and thus gave no reason for why the cable box malfunctioned?

Are you explicitly stating that I am allowed to ask OSHA for a copy of the lab results from the lab Technicolor contracted as it relates to my health and public safety?

Are you explicitly stating that I am allowed to ask OSHA for any documents supporting why the cable box malfunctioned as it relates to my health and public safety?

My motion made no request of Charter Communications to provide documents supporting the cable box failure. Are you explicitly stating I can request the supporting documents from Charter Communications concerning why the cable box malfunctioned as it relates to my health and public safety?

Are you stating that you will not intervene in requiring that OSHA and/or Charter Communications provide the real reason the cable box malfunctioned?

Are you stating you will not interfere/ demand Charter Communications explain how wax was found on the cable box

after it was returned (considering the picture clearly shows no candle on the cable box)?

Dated:	New York, NY
Tuesday, February 1, 2023

Respectfully submitted,

*[signature]*

Akobi Schuster
2266 5th Avenue
P.O. Box 790
New York, NY  10037
wrongfullyterminated2@gmail
(201) 431-2488

# EXHIBIT A

U.S. Department of Labor       Occupational Safety and Health Administration
                               Manhattan Area Office
                               201 Varick Street
                               Room 908
                               New York, NY 10014
                               Phone: (212) 620-3200  Fax: (212) 620-4121
                               http://www.osha.gov



December 20, 2016

Alexandria Dresser
Charter Communications, Inc. dba Time Warner Cable
401 West 219th Street.
New York, NY 10034

RE: OSHA Complaint No. 1166180

Dear Ms. Dresser:

On December 19, 2016, the Occupational Safety and Health Administration (OSHA) received a notice of alleged workplace hazard(s) at your worksite at:

> 1760 Lexington Avenue
> 11e
> New York, NY 10029

We notified you by telephone of these alleged hazards on December 20, 2016. The specific nature of the alleged hazards is as follows:

> An employee was injured when installing a cable box on or about 12/06/16. The injury resulted when it was plugged into an outlet and exploded, resulting in spewing smoke and liquid into his right eye. The employer has not conducted an investigation of this matter to determine the root cause of the incident and measures to be taken to prevent an injury in the future.

We have not determined whether the hazards, as alleged, exist at your workplace, and we do not intend to conduct an inspection at this time. However, because allegations of violations and/or hazards have been made, we request that you immediately investigate the alleged conditions and make any necessary corrections or modifications. Please advise me in writing, no later than **December 28, 2016**, of the results of your investigation. You must provide supporting documentation of your findings. This includes any applicable measurements or monitoring results; photographs/video that you believe would be helpful; and a description of any corrective action you have taken or are in the process of taking, including documentation of the corrected condition.

This letter is not a citation or a notification of proposed penalty which, according to the Occupational Safety and Health Act, may be issued only after an inspection or investigation of the workplace. It is our goal to assure that hazards are promptly identified and eliminated. Please take immediate corrective action where needed. **If we do not receive a response from you by December 28, 2016 indicating that appropriate action has been taken or that no hazard exists and why, an OSHA inspection will be conducted.** An inspection may include a review of the following: injury and illness records, hazard communication, personal protective equipment, emergency action or response, bloodborne pathogens, confined space entry, lockout/tagout, and related safety and health issues.

Please also be aware that OSHA conducts random inspections to verify that corrective actions asserted by the employer have actually been taken.

If you need assistance in resolving the issues alleged in this complaint, you may contact the OSHA on-site consultation service. This program offers free and confidential assistance to small and medium-sized businesses in all states across the country, with priority given to high-hazard worksites. If necessary, a consultant will visit your workplace and assess the validity of the complaint item(s). In addition, you will be provided with methods of correcting the hazard, where applicable. To discuss or request these services, contact the consultation project in your respective state. The addresses and telephone numbers may be found by entering your state in the form at the OSHA Consultation Directory website: http://www.osha.gov/dcsp/smallbusiness/consult_directory.html

You are requested to post a copy of this letter where it will be readily accessible for review by all of your employees, and to return a copy of the signed Certificate of Posting (Attachment A) to this office. In addition, you are requested to provide a copy of this letter and your response to a representative of any recognized employee union or safety committee that exist at your facility. Failure to do this may result in an on-site inspection. The complainant has been furnished a copy of this letter and will be advised of your response. Section 11(c) of the Occupational Safety and Health Act provides protection for employees against discrimination because of their involvement in protected safety and health activity.

If you have any questions regarding this matter, please contact our office. The contact information is listed on the first page of this document. Your interest in the safety and health of your employees is appreciated.

Sincerely,

Kay Gee
Area Director

**EXHIBIT B**

# Charter

January 9, 2017

**VIA ELECTRONIC EMAIL**

Kay Gee
Area Director
US Department of Labor - Occupational Safety and Health Administration
Manhattan Area Office
201 Varick Street, Room 908
New York, NY 10014

    Re:    Notice of Alleged Workplace Hazard
              1760 Lexington Ave
              New York, NY 10029
              Complaint number 1166180

Dear Ms Gee:

Charter Communications, previously known as Time Warner Cable, has received your letter dated December 20, 2016 concerning the above-referenced complaint alleging a hazard at our worksite. The alleged hazard is that "An employee was injured when installing a cable box on or about 12/6/16. The injury resulted when it was plugged into an outlet and exploded, resulting in spewing smoke and liquid into his right eye. The employer has not conducted an investigation into this matter to determine the root cause of the incident and measures to be taken to prevent an injury in the future."

The address captured above is the customer location. It is assigned within the territory of our tech center at 401 W 219th Street in Manhattan, which is where we posted the violation. On the day in question, we sent a supervisor back to the customer location to investigate the electrical situation and interview the homeowner, who was witness. The employee was given treatment the same day. He did not return our calls of inquiry, so the interview with him was conducted when he returned to work on 12/13/2016. The cable box in question was sent to the manufacturer to determine what went wrong. The cause of the failure was determined that the circuit board shorted out and blew the fuse. As there are no liquids inherent to the manufacturing or operation of the cable box, a SDS was not applicable. We believe this situation is anomalous and inconsistent with the performance and safety of our product. We will continue to closely monitor the situation.

Employee health and safety is an important guiding principle at Charter Communications and is a priority for our business. We trust that you will find that the actions taken by Charter Communications are sufficient and appropriate for the alleged hazard. If you have any questions, you may contact me at .

                                                                           Very truly yours,

                                                                           Alexandria Dresser
                                                                           Sr Mgr, EH&S

# EXHIBIT C

U.S. Department of Labor

**Occupational Safety and Health Administration**
Manhattan Area Office
201 Varick Street
Room 908
New York, NY 10014
Phone: (212) 620-3200  Fax: (212) 620-4121
http://www.osha.gov

March 17, 2017

Akobi Schuster
3230 Tenbroeck Avenue
Bronx, NY 10469

RE: OSHA Complaint No. 1166180

Dear Mr. Schuster:

Charter Communications, Inc. has advised me that the hazards you complained about have been investigated. The employer states that the cable box involved in the incident was sent to the manufacturer to determine what went wrong. The cause of the failure was determined that the circuit board shorted out and blew the fuse. The employer believes the situation is anomalous and inconsistent with the performance and safety of their product. A copy of the employer's letter and documentation are enclosed.

With this information, OSHA feels the case can be closed on the grounds that the hazardous condition(s) have been corrected. If you do not agree that the hazards you complained about have been satisfactorily abated, please contact us within ten (10) business days of the date of this notification. If we do not hear from you within that time, we will assume that the hazards have been corrected and will take no further action with respect to this case.

Section 11(c) of the Occupational Safety and Health Act protects employees from being discriminated against because of their involvement in protected activities related to safety and health. If you believe you are being treated differently or action is being taken against you because of your safety or health activity, you may file a complaint with OSHA. You should file this complaint as soon as possible, because OSHA normally can accept only those complaints filed within 30 days of the alleged discriminatory action.

Your action on behalf of safety and health in the workplace is sincerely appreciated.

Sincerely,

Kay Gee
Area Director

Enclosure(s)

**From:** Gonzalez Larry <Larry.Gonzalez@technicolor.com>
**Date:** December 30, 2016 at 4:48:19 PM EST
**To:** "Donnelly, Brian E" <Brian.Donnelly@charter.com>, Collmus Bob <Bob.Collmus@technicolor.com>, "Dresser, Alexandria" <Alexandria.Dresser@charter.com>, "Nocera, Jerry C" <Jerry.Nocera@charter.com>, "Jorgensen, Mike" <Mike.Jorgensen@charter.com>
**Cc:** Nicholson Carol <Carol.Nicholson@technicolor.com>
**Subject:** Re: cisco - now Technicolor

Hi Brian,

The lab we contracted for the material analysis identified the substance in the unit as paraffin wax. The likely source was a candle placed on top of the unit that melted and flowed/spilled into the interior of the unit (mainboard) via the top ventilation slots. A likely scenario is the wax on the mainboard heated such that it produced visible smoke/vapors.

Regards and Happy New Year,
Larry


**From:** Gonzalez Larry [mailto:Larry.Gonzalez@technicolor.com]
**Sent:** Thursday, December 22, 2016 2:21 PM
**To:** Collmus Bob <Bob.Collmus@technicolor.com>; Dresser, Alexandria <Alexandria.Dresser@charter.com>; Nocera, Jerry C <Jerry.Nocera@charter.com>; Donnelly, Brian E <Brian.Donnelly@charter.com>
**Cc:** Nicholson Carol <Carol.Nicholson@technicolor.com>
**Subject:** Re: cisco - now Technicolor

I'm bringing Brian into this thread.

I spoke to Allie yesterday. I have confirmed w/ our Engineering department that this set-top box does not have any liquids internal to the unit that could have been dispersed externally from it. We don't have any SDS/MSDS associated with the set-top box.

I also shared w/ Allie that we found a substance that appears to have been in a liquid or viscous form at some point. We have not identified the substance and have enlisted an outside lab for further analysis. We've put in a fast-turn on this analysis, but given the upcoming holidays, we are hard pressed to have any results before January.

We'll update you as we know more.

Regards,

Larry

4826-8168-3788.1

# EXHIBIT E

