UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKOBI SCHUSTER,

                          Plaintiff,

-v-                                         No. 18-cv-1826 (RJS)
                                                     ORDER

CHARTER COMMUNICATIONS, INC.

                          Defendant.

RICHARD J. SULLIVAN, Circuit Judge:

      On April 8, 2021, this Court imposed a filing injunction (the "Filing Injunction") barring Plaintiff Akobi Schuster "from filing in any tribunal any action, motion, petition, complaint, or request for relief that relates to or arises from (i) the cable box incident alleged in Schuster's complaint, as well as Charter's alleged response to that incident or Schuster's OSHA claims; or (ii) any of Charter's conduct in defending against his previous actions – against any person or entity that encountered Schuster throughout this federal litigation – without first obtaining leave from this Court." (Doc. No. 50 at 24).

      The Court is now in receipt of Schuster's four requests from March 2023 for permission under the Filing Injunction to (1) request certain documents from Charter Communications, Inc. ("Charter"), Charter Director of Human Resources Jonathan Diamond, or their attorneys (*see* Doc. No. 89 at 5 ¶ 29); (2) file a request with the Department of Labor Wages and Hours Division to find out "the procedures to be placed on [an] FMLA medical leave of absence" and "to find out" "an alternate route around [] legal process[es]" (*see* Doc. No. 91 at 1, 5 ¶ 31); (3) file a complaint with "the proper authorities to investigate whether" the Occupational Safety and Health Administration ("OSHA"), Charter, Technicolor SA ("Technicolor"), and individuals employed

by these entities "committed fraud, by working together to cover up why the cable box malfunctioned" (*see* Doc. No. 92 at 1, 9 ¶ 64); and (4) "submit a complaint concerning OSHA, Technicolor, Charter Communications and their attorney[s'] coverup of how the cable box malfunctioned . . . to the proper authorities" (*see* Doc. No. 93 at 1, 13 ¶ 66).

With regard to request one (Doc. No. 89) and request two (Doc. No. 91), because Schuster's proposed requests for documents would not constitute "filing . . . an[] action, motion, petition, complaint, or request for relief" in a "tribunal," they fall outside the scope of the Filing Injunction. (Doc. No. 50 at 24). Accordingly, IT IS HEREBY ORDERED THAT Schuster's requests for the Court's permission to make such requests of Charter and the Department of Labor (Doc. Nos. 89, 91) are DENIED AS MOOT. In so ordering, the Court clarifies that it makes no endorsement of Schuster's proposed requests for documents and information; if Charter or the Department of Labor denies Schuster's requests for the documents and information that he seeks, the Court will not intervene. The Court further clarifies that, if Schuster intends to "fil[e] [before the Department of Labor] an[] action, motion, petition, complaint, or request for relief" that arises from the cable box incident, Charter's alleged response, Schuster's OSHA claims, or any of Charter's conduct in defending against Schuster's previous actions, he would need to "obtain[] leave from this Court" before doing so. (Doc. No. 50 at 24.). Further, if Schuster wishes to "fil[e] in any tribunal an[] action, motion, petition, complaint, or request for relief" on the basis of documents obtained from Charter or the information obtained from the Department of Labor, he would also need to "obtain[] leave from this Court" before doing so. (Doc. No. 50 at 24.)

With regard to request three (Doc. No. 92) and request four (Doc. No. 93), because Schuster's proposed requests for documents would constitute "filing . . . an[] action, motion, petition, complaint, or request for relief" in a "tribunal," they fall under the scope of the Filing

Injunction. (Doc. No. 50 at 24). Accordingly, IT IS HEREBY ORDERED THAT Schuster's requests for the Court's permission to file complaints before "the appropriate authorities" (Doc. Nos. 92, 93) are DENIED.

The Clerk of Court is respectfully directed to send a copy of this Order to Schuster via email at the updated email address listed on the electronic case docket and via mail at the address listed on his most recent Notice of Change of Address (2266 Fifth Ave., P.O. Box 790, New York, NY 10037). (*See* Doc. No. 79.)

SO ORDERED.

Dated:   April 7, 2023
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation