UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKOBI SCHUSTER,

                        Plaintiff,

-v-                                        No. 18-cv-1826 (RJS)
                                                   ORDER

CHARTER COMMUNICATIONS, INC.

                        Defendant.

RICHARD J. SULLIVAN, Circuit Judge:

      On April 8, 2021, the Court imposed a filing injunction (the "Filing Injunction") barring Plaintiff Akobi Schuster "from filing in any tribunal any action, motion, petition, complaint, or request for relief that relates to or arises from (i) the cable box incident alleged in Schuster's complaint, as well as Charter's alleged response to that incident or Schuster's [Occupational Safety and Health Administration] claims; or (ii) any of Charter's conduct in defending against his previous actions – against any person or entity that encountered Schuster throughout this federal litigation – without first obtaining leave from this Court." (Doc. No. 50 at 24.)

      The Court is now in receipt of Schuster's April 2023 requests for (1) permission to file with the U.S. Department of Justice a complaint against Kenneth Margolis, counsel to Charter, for alleged "coverup[s]," "retaliation," and "fraud" relating to the cable box incident and Schuster's termination (Doc. No. 97 at 1, 22 ¶ 90); (2) permission to file with the Department of Labor Wages and Hours Division a complaint related to his FMLA medical leave and termination (*see* Doc. No. 98 at 1); (3) permission to seek certain documents from Charter, Charter Director of Human Resources Jonathan Diamond, or their attorneys (*see* Doc. No. 98 at 1, 9 ¶¶ 54–56); (4) clarification as to whether a "request is not a filing" (Doc. No. 99 at 21 ¶ 140); (5) clarification

as to whether Schuster must "answer to [the] judge" (Doc. No. 99 at 21 ¶¶ 142–44); and (6) clarification as to whether "it is legal for [the] Judge to[] perform judicial misconduct" (Doc. No. 99 at 21 ¶ 141). Also before the Court is Schuster's request that the Filing Injunction be lifted. (*See* Doc. No. 100 at 5.)

With regard to Schuster's first two requests (Doc. No. 97 at 1, 22 ¶ 90, and Doc. No. 98 at 1), the Court finds that each would necessarily involve the "filing," before a tribunal, of an "action, motion, petition, complaint, or request for relief" that relates to and arises from the cable box incident, Charter's alleged response, Schuster's OSHA claims, or Charter's conduct in defending against Schuster's previous actions. (Doc. No. 50 at 24.) They therefore fall under the scope of the Filing Injunction. Because Schuster has offered no arguments or reasons to justify relief from the Court's injunction, IT IS HEREBY ORDERED THAT Schuster's requests for the Court's permission to file complaints with the Department of Justice and the Department of Labor are DENIED.

Schuster's third request (Doc. No. 98 at 1, 9 ¶¶ 54–56) – seeking the production of various documents from Charter, Charter Director of Human Resources Jonathan Diamond, and/or their attorneys – falls outside the Filing Injunction because it does not entail the "filing . . .[of] an[] action, motion, petition, complaint, or request for relief" in a "tribunal." (Doc. No. 50 at 24.) Accordingly, IT IS HEREBY ORDERED THAT Schuster's request for permission to make such a request is DENIED AS MOOT. The Court nonetheless clarifies that it in no way endorses Schuster's proposed requests for documents and information, and that it will not intervene or otherwise compel the production of such documents and information should Charter, Diamond, and/or their attorneys refuse to comply with Schuster's requests. The Court further clarifies that, if Schuster intends to "fil[e]" before the Department of Labor or any tribunal "an[] action, motion,

petition, complaint, or request for relief" – including a motion to compel the production of documents – that relates to or arises from the cable box incident, Charter's alleged response, Schuster's OSHA claims, or any of Charter's conduct in defending against Schuster's previous actions, he would still need to "obtain[] leave from this Court" before doing so.  (Doc. No. 50 at 24.)

With regard to Schuster's fourth, fifth, and sixth requests (Doc. No. 99 at 21 ¶¶ 140–44) – pertaining to the asserted need for clarification of the Court's Filing Injunction – the Court finds that the terms of the Filing Injunction are clear on their face.  Accordingly, the Court declines to engage with Schuster's requests for further explanation of the Filing Injunction or his invitations to provide advisory opinions on matters that are plainly outside the scope of the Filing Injunction.  IT IS THEREFORE ORDERED THAT Schuster's requests for clarification of the Court's Filing Injunction are DENIED AS MOOT.

Finally, the Court sees no reason to lift the Filing Injunction.  Consistent with the factors set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), and for the reasons outlined in the Court's April 8, 2021 order, the Court remains persuaded that a filing injunction is necessary to "discourage[] [Schuster] from continuing with" his "consistent pattern of 'vexatious, harassing [and] duplicative lawsuits,'" which "caused needless expense" to "Charter's counsel, his own (former) counsel, and the Court," and resulted in the "wholesale abuse of the judicial process."  (Doc. No. 50 at 19–22) (internal quotation marks omitted).  Accordingly, IT IS HEREBY ORDERED THAT Schuster's request to lift the Filing Injunction (Doc. No. 100 at 5) is DENIED.

The Clerk of Court is respectfully directed to send a copy of this Order to Schuster via email at the updated email address listed on the electronic case docket and via mail at the address listed on his most recent Notice of Change of Address (2266 Fifth Ave., P.O. Box 790, New York, NY 10037). (*See* Doc. No. 79.)

SO ORDERED.

Dated:　　　June 26, 2023
　　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　RICHARD J. SULLIVAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES CIRCUIT JUDGE
　　　　　　　　　　　　　　　　　　　　　Sitting by Designation