UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKOBI SCHUSTER,

                          Plaintiff,

-v-                                        No. 18-cv-1826 (RJS)
                                                              ORDER

CHARTER COMMUNICATIONS, INC.

                          Defendant.

RICHARD J. SULLIVAN, Circuit Judge:

    On April 8, 2021, the Court imposed a filing injunction (the "Filing Injunction") barring Plaintiff Akobi Schuster "from filing in any tribunal any action, motion, petition, complaint, or request for relief that relates to or arises from (i) the cable box incident alleged in Schuster's complaint, as well as Charter's alleged response to that incident or Schuster's [Occupational Safety and Health Administration] claims; or (ii) any of Charter's conduct in defending against his previous actions – against any person or entity that encountered Schuster throughout this federal litigation – without first obtaining leave from this Court." (Doc. No. 50 at 24.)

    The Court is now in receipt of two requests from Schuster, dated August 4, 2023 and August 9, 2023, for (1) "leave to request that . . . the U.S. Department of Labor Wages and Hours Division order Kenneth Margolis to give [Schuster] a copy of the WH-381 completed form [Margolis] alleged Charter Communications provided to [Schuster]," (Doc. No. 104 at 1, 33 ¶ 103) and (2) "leave to request from the U.S. Department of Labor Wage and Hours Division a copy of the FMLA WH-381 form that Kenneth Margolis and Jose Delarosa claimed [to have] provided [to Schuster]," (Doc. No. 103 at 1, 17 ¶ 66).

Schuster's requests for the production of his WH-381 form – either directly from the Department of Labor or through an order from the Department of Labor to Margolis – fall outside the scope of the Filing Injunction because they do not involve the "filing . . . [of] an[] action, motion, petition, complaint, or request for relief" in a "tribunal."  (Doc. No. 50 at 24.)  Accordingly, IT IS HEREBY ORDERED THAT Schuster's requests for permission to make such requests is DENIED AS MOOT.  The Court nonetheless clarifies that it in no way endorses Schuster's proposed requests for documents and information, and that it will not intervene or otherwise compel the production of such documents and information should the Department of Labor, Margolis, or Charter refuse to comply with Schuster's requests.  The Court further clarifies that if Schuster intends to "fil[e]" before the Department of Labor or any tribunal "an[] action, motion, petition, complaint, or request for relief" – including a motion to compel the production of documents – that relates to or arises from the cable box incident, Charter's alleged response, Schuster's OSHA claims, or any of Charter's conduct in defending against Schuster's previous actions, he would need to "obtain[] leave from this Court" before doing so.  (Doc. No. 50 at 24.)

The Clerk of Court is respectfully directed to terminate the motions pending at Doc. Nos. 103 and 104, and to send a copy of this Order to Schuster via email at the updated email address listed on the electronic case docket and via mail at the address listed on his most recent Notice of Change of Address (2266 Fifth Ave., P.O. Box 790, New York, NY 10037).  (*See* Doc. No. 79.)  SO ORDERED.

Dated: September 6, 2023
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation