UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKOBI SCHUSTER,

                       Plaintiff,

-v-

CHARTER COMMUNICATIONS, INC.,

                       Defendant.

No. 18-cv-1826 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

     On April 8, 2021, the Court imposed a filing injunction (the "Filing Injunction") barring Plaintiff Akobi Schuster "from filing in any tribunal any action, motion, petition, complaint, or request for relief" relating to or arising from (i) "the cable box incident alleged in Schuster's complaint," as well as the responses of Charter Communications, Inc. ("Charter") to that incident and/or Schuster's Occupational Safety and Health Administration ("OSHA") claims; or (ii) "any of Charter's conduct in defending against his previous actions – against any person or entity that encountered Schuster throughout this federal litigation – without first obtaining leave from this Court." (Doc. No. 50 at 24.)[1]  In the three years since, Schuster has filed over two dozen letters requesting:  permission under the Filing Injunction to file, in various tribunals, various complaints, grievances, and petitions relating to this underlying litigation (*see* Doc. Nos. 53, 56, 57, 58, 59, 60, 63, 65, 73, 75, 78, 80, 82, 86, 87, 89, 91, 92, 93, 95, 97, 98, 102, 103, 104); clarification of the meaning of the Filing Injunction and the Court's prior orders (*see* Doc. Nos. 61, 83, 90, 94, 99); and the discontinuance of the Filing Injunction altogether (*see* Doc. No. 100).  The Court denied

---

[1] Unless otherwise specified, all page numbers refer to the ECF pagination.

those requests, through which Schuster by and large continued his attempts to litigate the matters subject to the Filing Injunction. (*See* Doc. Nos. 54, 66, 74, 76, 81, 84, 88, 96, 101, 105.)

In his latest round of filings, Schuster requests: (1) "leave to report" to the U.S. Attorney's Office and Department of Justice ("DOJ") the "criminal actions of Charter Communications and their attorneys" (Doc. No. 106 at 1, 29), as well as "the criminal ring" – consisting of me, various OSHA and Department of Labor ("DOL") investigators, and "many other judges and government officials" – who "knowingly colluded with Charter" in their criminal actions (Doc. No. 118 at 43–44; *see also* Doc. No. 119 at 1, 33); (2) permission to submit to the Court an audio recording of a conversation Schuster had with a Charter employee that purportedly "support[s] [his] request . . . that the filing injunction no longer be upheld" (Doc. No. 110 at 4; *see* Doc. No. 108 at 3); (3) a court order that OSHA "provide evidence that [he] was given the opportunity to go on both workers' compensation and . . . FMLA medical leave" (Doc. No. 109 at 18); (4) a court order directing Charter to allow Schuster to "return . . . to work" (Doc. No. 110 at 4); (5) clarification as to whether Schuster is "still in threat of being arrested by the U.S. Marshal based on [the] filing injunction," as a result of the complaint he filed in Dkt. No. 22-cv-2778 (JPO) (S.D.N.Y.) (Doc. No. 111 at 2); (6) permission to "request a copy of the workers' compensation judge['s] April 25, 2017 Order" (Doc. No. 114 at 12–13); and (7) leave to submit evidence to the New York State Workers' Compensation Board (Doc. No. 116 at 1, 14). Schuster also requests that the Court vacate the Filing Injunction (*see* Doc. No. 109 at 18–19; Doc. No. 112 at 6; Doc. No. 115 at 14), and that I "recuse [my]self from this matter" (Doc. No. 106 at 29; *see* Doc. No. 117 at 1, 16).

With respect to Schuster's first, second, third, fourth and seventh requests, the Court finds that each is, or would necessarily involve, the "filing" before a tribunal of an "action, motion, petition, complaint, or request for relief" that plainly relates to and arises from the cable box

incident, Charter's alleged response, Schuster's OSHA claims, or Charter's conduct in defending against Schuster's previous actions. (Doc. No. 50 at 24; *see also* Doc. No. 76 (clarifying that the Filing Injunction "extends to complaints to administrative and criminal authorities").) They therefore fall within the scope of the Filing Injunction. Specifically, Schuster's filings seek to relitigate matters related to the claims that were either included in his Complaint and dismissed with prejudice by this Court as a sanction for his bad-faith conduct, or already filed in and dismissed by other tribunals. (*See* Doc. No. 50 at 23–24; Doc. No. 66 at 5 (confirming that the Filing Injunction bars Schuster from "(re-)asserting claims he had ample opportunity to raise" in his federal complaint) (internal quotation marks omitted).) Moreover, the Court has previously denied, on numerous occasions, requests that are materially identical to the ones Schuster renews here. (*See, e.g.*, Doc. No. 66 at 3–5 (denying requests to file complaints against Charter, its counsel, and DOL and OSHA investigators); Doc. No. 85 (denying request to submit criminal complaint to DOJ against Charter, its counsel, and me); Doc. No. 96 at 2–3 (denying request to file complaints against Charter and its counsel "to the proper authorities").) Because Schuster has offered no arguments or reasons to justify relief from the Filing Injunction, IT IS HEREBY ORDERED THAT Schuster's requests are once again DENIED.

The Court finds that Schuster's sixth request – which merely seeks "a copy of the workers' compensation judge['s]" 2017 order – falls outside the Filing Injunction because it does not entail the "filing [of] an[] action, motion, petition, complaint, or request for relief" in a "tribunal." (Doc. No. 50 at 24.) Accordingly, IT IS HEREBY ORDERED THAT Schuster's request as to that material is DENIED AS MOOT. The Court nonetheless clarifies that it in no way endorses Schuster's proposed requests for access to any court orders. The Court further clarifies that, if Schuster intends to "fil[e]" before any tribunal "an[] action, motion, petition, complaint, or request

for relief" – including a motion to compel the production of documents – that relates to or arises from the cable box incident, Charter's alleged response, Schuster's OSHA claims, or any of Charter's conduct in defending against Schuster's previous actions, he would still need to "obtain[] leave from this Court" before doing so. (Doc. No. 50 at 24.)

With regard to Schuster's fifth request, which seeks clarification as to the consequences of his previous violation of the Filing Injunction when he filed an action before Judge Oetken, the Court notes that Judge Oetken dismissed Schuster's action with prejudice in August 2022. (*See* Dkt. No. 22-cv-2778, Doc. No. 29.)  Consequently, Schuster is not currently in violation of the Filing Injunction as a result of that action.  To the extent that Schuster seeks any further clarification of the Court's Filing Injunction or its prior orders, IT IS HEREBY ORDERED THAT such requests are DENIED.

Next, the Court sees no reason to lift the Filing Injunction.  Consistent with the factors set forth in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), and for the reasons outlined in the Court's April 8, 2021 order, the Court remains persuaded that a filing injunction is necessary to "discourage[] [Schuster] from continuing with" his "consistent pattern of vexatious, harassing and duplicative lawsuits," which has "caused needless expense" to "Charter's counsel, his own (former) counsel, and the Court," and resulted in the "wholesale abuse of the judicial process." (Doc. No. 50 at 19–22) (alterations and internal quotation marks omitted).)  Indeed, Schuster's filing of dozens of repetitive and plainly frivolous requests in this action since the Filing Injunction's imposition confirms its continued appropriateness.  Accordingly, IT IS HEREBY ORDERED THAT Schuster's request to lift the Filing Injunction is DENIED.

Finally, the Court finds no merit in Schuster's requests for my recusal.  Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself

in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[2] Impartiality is evaluated "on an objective basis." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (emphasis and internal quotation marks omitted). Recusal is thus required whenever "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *Id.*; *see United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). Although a judge's case-related conduct may give rise to questions concerning the judge's impartiality, *see Ligon v. City of New York*, 736 F.3d 118, 124–26 (2d Cir. 2013), *vacated in part on other grounds*, 743 F.3d 362 (2d Cir. 2014), such cases are rare, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994). A judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Here, recusal is not warranted because there is no chance that "a reasonable person, knowing all the facts, would conclude that [my] impartiality could reasonably be questioned." *Wedd*, 993 F.3d at 114 (internal quotation marks omitted). While Schuster asserts, as the basis for recusal, that I "have criminally involved [my]self in the coverup of why the cable box malfunctioned" (Doc. No. 117 at 16), his filings make clear that he simply disagrees with my rulings in this case, including the April 8, 2021 order (*see, e.g.*, *id.* at 15–16). *See, e.g.*, *Liteky*, 510 U.S. at 555. And beyond these conclusory allegations of criminality, Schuster presents no arguments or evidence explaining how I have been partial or biased in overseeing this action.

---

[2] Although Schuster does not identify the statutory basis for his recusal requests, the Court construes them as being made pursuant to 28 U.S.C. § 455(a). To the extent that Schuster's requests could be construed as invoking 28 U.S.C. § 144, the recusal analysis is the same as under section 455. *See United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir. 1986). Any request for recusal based on the Due Process Clause likewise fails because Schuster has not adduced any facts that would evidence "a serious risk of actual bias." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009).

While "[l]itigants are entitled to an unbiased judge," they are not entitled "to a judge of their choosing." *In re Drexel*, 861 F.2d at 1312. Absent any basis to support recusal, I am "obliged not to recuse." *Id*. Schuster's recusal motion therefore must be DENIED.

As noted above, Schuster has submitted dozens of requests for permission to make a variety of filings, the overwhelming majority of which plainly fall within the scope of the Filing Injunction. The Court will not tolerate the continued submission of frivolous and repetitive requests that seek, in effect, to litigate the claims and related matters – involving the cable box incident, Charter's alleged response, Schuster's OSHA claims, or any of Charter's conduct in defending against his previous actions – that this Court and other tribunals have already rejected. Schuster is warned that the submission of further frivolous filings may result in the imposition of additional sanctions, including monetary penalties and/or the summary denial of any and all future requests he might make for permission to file under the Filing Injunction. *See* 28 U.S.C. § 1651.

The Clerk of Court is respectfully directed to send a copy of this Order to Schuster via email at the updated email address listed on the electronic case docket and via mail at the address listed on his most recent Notice of Change of Address (55 W. 116th Street, Suite 131, New York, NY 10026). (*See* Doc. No. 113.)

SO ORDERED.

Dated:   August 12, 2024
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation