UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AKOBI SCHUSTER,

                Plaintiff,

v.

CHARTER COMMUNICATIONS, INC.,

                Defendant.

No. 18-CV-1826 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    On September 15, 2024, Plaintiff filed a "motion request" for "clarity to whether the reason for why Judge Ronnie Abrams dismissed [his] complaint exist[s] in Judge Richard J. Sullivan's filing injunction" and "whether [his] understanding of the filing injunction is correct." ECF No. 125, at 1, 49. As the Court previously explained in its Order of August 28, 2024, it denied Plaintiff's Request to File a Complaint, *see* ECF No. 121, in light of the filing injunction previously imposed by Judge Sullivan, *see* ECF No. 50. The injunction provides that Plaintiff "is barred from filing in any tribunal any action, motion, petition, complaint, or request for relief that relates to or arises from (i) the cable box incident alleged in Schuster's complaint, as well as Charter's alleged response to that incident or Schuster's OSHA claims; or (ii) any of Charter's conduct in defending against his previous actions – against any person or entity that encountered Schuster throughout this federal litigation – without first obtaining leave from this Court." *Id.* at 24. As the Court explained, it denied Plaintiff leave to file because the allegations in Plaintiff's proposed complaint were neither new nor meritorious. *See* ECF No. 122.

    On September 19, 2024, Plaintiff also filed a letter querying whether "in matters related to case 18-CV-1826, . . . the rules of the Court require [he] submit [his] requests or motions to both

Judge Richard J. Sullivan and Judge Ronnie Abrams." ECF No. 126. On August 14, 2024, Case No. 18-cv-1826, *Schuster v. Charter Communications, Inc.*, was reassigned to me and is no longer before Judge Sullivan. Nonetheless, Judge Sullivan's orders remain the law of the case, which means that his decisions continue to remain binding on the parties to this litigation. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002))).

Because Plaintiff's "motion request for clarity," ECF No. 125, as well as his pending motion for reconsideration, ECF No. 123, fall within the scope of the filing injunction, the Clerk of Court is respectfully directed to close those motions. Plaintiff's letter motion requesting that Charter Communications and their attorneys "discontinue stating [he] abandoned [his] employment," ECF No. 124, is also denied.

Given Plaintiff's long pattern of submitting "frivolous and repetitive requests that seek, in effect, to litigate the claims and related matters . . . that this Court and other tribunals have already rejected," ECF No. 120, the Court will not address future filings or requests to file that fall within the scope of the injunction and will instead direct the Clerk of Court to close them.

Should Plaintiff have trouble understanding the import of this Order, or any prior orders—including the filing injunction—he may consider speaking with an attorney at the City Bar Justice Center, which provides free, limited-scope legal services to pro se litigants. More information is available here: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

SO ORDERED.

Dated:   September 23, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge